# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-1608V

| | |
|---|---|
| MELISSA LITTLE,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: November 25, 2025 |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for Petitioner.

*Parisa Tabassian, U.S. Department of Justice, Washington, DC,* for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On October 27, 2022, Melissa Little filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination she received on October 13, 2021. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 3, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On November 24, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $42,676.16, comprised of $42,500.00 for pain and suffering and $176.16 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $42,676.16, comprised of $42,500.00 for pain and suffering and $176.16 for past unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| MELISSA LITTLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 22-1608V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 27, 2022, Melissa Little ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§ 300aa-1 *et seq*. ("Vaccine Act"). On January 25, 2024, petitioner filed an amended petition for compensation ("Petition"), alleging that an influenza ("flu") vaccination administered in her right deltoid on October 13, 2021, caused a Table[1] shoulder injury related to vaccine administration ("SIRVA"). Petition at 1-2. On February 1, 2024, respondent filed a combined Rule 4(c) Report and Motion to Dismiss recommending against compensation because petitioner had not satisfied the severity requirement and thereby could not establish a viable claim. ECF No. 38.

Petitioner filed a Motion for Ruling on the Record on March 15, 2024 (ECF No. 40), to which respondent filed a response on May 3, 2024 (ECF No. 41), and petitioner thereafter filed a reply on May 9, 2024 (ECF No. 42). On September 3, 2025, the Court issued a Ruling on Entitlement finding that petitioner is entitled to compensation.[2] ECF No. 43. Respondent now

---

[1] The Vaccine Injury Table is located at 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3.

[2] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer,

files this proffer regarding the amount of damages to be awarded.

I. **Items of Compensation**

Respondent proffers that petitioner should be awarded $42,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $176.16. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[3]:

A lump sum payment of **42,676.16**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

---

respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief's Special Master's September 3, 2025, entitlement decision.

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings, and future pain and suffering.

                                  C. SALVATORE D'ALESSIO
                                  Director
                                  Torts Branch, Civil Division

                                  HEATHER L. PEARLMAN
                                  Deputy Director
                                  Torts Branch, Civil Division

                                  LARA A. ENGLUND
                                  Assistant Director
                                  Torts Branch, Civil Division

                                  *s/ PARISA TABASSIAN*
                                  PARISA TABASSIAN
                                  Trial Attorney
                                  Torts Branch, Civil Division
                                  U.S. Department of Justice
                                  P.O. Box 146
                                  Benjamin Franklin Station
                                  Washington, D.C. 20044-0146
                                  Tel: (202) 305-4035
                                  Parisa.Tabassian@usdoj.gov

DATED: November 24, 2025